IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SARA SMITHERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NUMBER |
| | ) | |
| ALABAMA POWER COMPANY, | ) | 00-C-1796-S |
| | ) | |
| Defendant. | ) | |

ENTERED
NOV 2 8 2001

**MEMORANDUM OPINION ON MOTION FOR SUMMARY JUDGMENT**

Plaintiff has filed a complaint under the Equal Pay Act and Title VII[1] for gender-based wage discrimination. Pending before this Court is a Motion for Summary Judgment filed by Defendant. Upon careful consideration of all submitted materials, the Court concludes that Defendant is entitled to summary judgment as a matter of law on the Title VII claim. Genuine issues of material fact preclude summary judgment on the Equal Pay Act claim.

I.

Viewed in a light favorable to Plaintiff, the undisputed facts are as follows.

Plaintiff began working at Alabama Power Company's ("APCo") Gorgas Steam Plant in June 1982 as a construction clerk. Upon the retirement of James Thomas Barham, the Operations

---

[1]Defendant refers to Section 1981 claim, failure to promote claims and retaliation claims. However, Plaintiff clearly states in her brief in opposition to summary judgment that she "does not bring any claims pursuant to 42 U.S.C. Section 1981 because she brings no claims based on race." She further states that she does not bring any promotion claims.



Scheduler, in December 1995, Plaintiff began performing scheduling duties on a full-time basis. At that time, she was classified as an Administrative Support Specialist. In April 1997, Plaintiff expressed concern to Human Resources about her pay.

In response to Plaintiff's concerns, the Human Resources Department created a questionnaire for all employees who performed personnel scheduling duties to determine the percentage of time each employee devoted to scheduling tasks. The surveys indicated that while some Administrative Specialists did perform scheduling duties, they also performed other administrative tasks. Additionally, Power Generation Analysts, a technical position, also performed scheduling functions. Only two employees solely performed scheduling tasks: Susette Dunlap[2] and Plaintiff.

To determine if their pay scales were correct, Human Resources conducted a market survey to determine the existence of comparable jobs in the industry. None were found. Nonetheless, Human Resources decided that the scheduling job should be upgraded in salary above regular administrative positions.

In July 1997, Plaintiff's title was changed from Administrative Support Specialist to Scheduler. Plaintiff received a small pay increase and no back pay.

Plaintiff continues to earn less than male APCo employees Paul Sullivan, Wayne Shaw, Rowman Mitchell, and Steve Henderson, all of whom hold technical positions but at times perform scheduling duties.

II.

In moving for summary judgment pursuant to Rule 56, the moving party bears the initial burden of showing the district court, by reference to materials on file, that there are either (1) no

---

[2] Smitherman's suit was consolidated with Susette Dunlap v. APCo, CV-98-C-1909-W.

2

genuine issues of material fact that should be decided at trial, or (2) the non-moving party failed to present evidence supporting some element of his or her case on which he or she bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). If the movant meets this burden, then the burden shifts to the non-moving party to show that there is a material issue of fact, thereby precluding summary judgment. *Clark*, 929 F.2d at 608.

A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the evidence is merely colorable, or if it is not significantly probative, then a court may grant summary judgment. *Anderson*, 477 U.S. at 249.

A plaintiff alleging unlawful discrimination under Title VII may choose one of three ways to establish a prima facie case: (1) direct evidence of discriminatory intent, (2) statistical proof of disparate treatment, or (3) meeting a test such as that set out in *McDonnell Douglas v. Green*. See *Isenbergh v. Knight-Ridder Newspaper Sales, Inc.*, 97 F.3d 436, 439 (11th Cir. 1996), *Cert. denied*, 117 S.Ct 251 (1997).

A plaintiff has the initial burden of establishing a prima facie case of discrimination. *See McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973). In a wage discrimination case, a plaintiff must first demonstrate that she was paid less than a member of an unprotected class for work requiring substantially the same responsibility. *Pittman v. Hattiesburg Mun, Separate Sch. Dist.*, 644 F.2d 1071, 1074 (5th Cir. 1981). Although the comparators identified by a plaintiff in a Title VII action do not have to hold *identical* positions to the plaintiff, the positions held must be *substantially similar*. *See Mulhall v. Advance Sec. Inc.*, 19 F.3d at 592.

Once a plaintiff establishes a prima facie case, a legal presumption of unlawful discrimination arises and the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the challenged employment action. *See McDonnell Douglas*, 411 U.S. at 802. The burden is one of production, not persuasion. *See Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 255-58 (1981).

The burden then shifts back to the plaintiff to show that the proffered non-discriminatory reasons for the employment decision are pretextual. *See St. Mary's Honor Center v. Hicks*, 509 U.S. 502 (1993). The Eleventh Circuit has held that a plaintiff may satisfy the burden of showing pretext indirectly, by undermining the legitimacy of the employer's proffered reason. *See Munoz v. Oceanside Resorts, I.*, 223 F.3d 1340, 1346 (11th Cir.2000)(quoting *Reeves v. Sanderson Plumbing Prod., Inc.*, 120 S.Ct 2097, 2109 (2000)("[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated.")). The Eleventh Circuit explained that "[t]o require otherwise would impose on the plaintiff the encumbrance of producing direct evidence of discrimination within an evidentiary framework specifically designed for situations in which no such evidence is available." *Munoz*, 223 F.3d at 1346.

### III.

Without direct evidence of discriminatory intent, Plaintiff seeks to establish her case through the *McDonnell Douglas* framework. For the purposes of summary judgment, Plaintiff has met her initial burden of establishing a prima facie case of wage discrimination. Plaintiff alleges that other male employees with scheduling duties were paid more than she was paid. Plaintiff has produced credible evidence in support of her allegation that Jim Barham, Paul Sullivan, Wayne Shaw,

4

Rowman Mitchell, and Steve Henderson performed jobs substantially equal to Plaintiff's job. Though Defendant alleges that these employees are not appropriate comparators, the resolution of the dispute regarding the similarity of the jobs is for the jury.

Defendant has met its burden of asserting a non-discriminatory reason for the pay disparity. Defendant has alleged that each of the purported comparators performs numerous technical duties which justify the pay disparity. Further, Defendant has offered undisputed evidence that the scheduling job was evaluated for pay purposes by four individuals (three of whom were female) who determined an appropriate pay rate without any reference to gender. Plaintiff herself has agreed that Defendant has articulated a legitimate non-discriminatory business reason for the pay difference.

Though Plaintiff has stated that she will "show that APCo was motivated by a stereotypical attitude about women," (Plaintiff's Opp.Brief 13), she has not proffered any credible evidence to rebut Defendant's non-discriminatory explanations for the pay disparity. As evidence of pretext, Plaintiff argues that Yancey Trucks, the Human Resources Assistant, testified that Plaintiff, having no subordinates, was not a "supervisor" at APCo. (Plaintiff's Opp. Brief 14). This evidence is insufficient to establish pretext as Plaintiff herself admits that she does not supervise the content of the worker's jobs. (Smith Depo. # 1258).

Plaintiff also offers an alternative copy of the survey questionnaire that Trucks sent to APCo employees who performed scheduling duties as evidence of pretext. This document is, however, unauthenticated and therefore inadmissible. Only the questionnaire actually used to perform the survey has been submitted to this Court.

Finally, Plaintiff seeks to establish pretext by arguing that Defendant mishandled the internal investigation of Plaintiff's complaint. Plaintiff alleges that Defendant destroyed documents under

its record retention program. Plaintiff does not, however, offer any evidence to support the alleged impropriety of the retention procedures. She offers evidence to show only that Defendant employed certain records retention standards.

Plaintiff has failed to present any credible evidence to support a showing of pretext under Title VII. Defendant is therefore entitled to summary judgment as a matter of law on this claim.

Genuine issues of material fact do surround the Equal Pay Act claim. The relative similarity of Plaintiff's duties to the duties of her male comparators is ambiguous. Summary judgment shall be denied as to this claim.

These conclusions will be embodied by a separate order.

DONE this \_\_\_\_28th\_\_\_ day of November, 2001.

_____
Chief United States District Judge
U. W. Clemon